# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

FRANCISCO ROZO and AMANDA
ANDRADE-ROZO,

     **Plaintiffs,**

v.             **Case No: 6:17-cv-1571-Orl-31DCI**

WALMART INC., WALMART STORES
INC, WALMART STORES EAST, INC.,
WALMART STORES EAST I, L.P.,
WALMART ASSOCIATES, INC.,
WALMART STORE NUMBER 1086,
JOHN DOE '35;1-5 and MARY DOE 1-5
AND/OR DOE CORPORATION 1-5,

     **Defendants.**

_____

## REPORT AND RECOMMENDATION

   This matter comes before the undersigned for consideration of Defendants' response and supplement response to the Order to Show Cause. The undersigned recommends that the case be remanded to state court for the reasons discussed below.

## I.  BACKGROUND.

   Francisco Rozo and Amanda Andrade-Rozo (collectively, Plaintiffs) originally filed this action against several corporate defendants (Corporate Defendants) and doe defendants (Doe Defendants) (collectively, Defendants) in New Jersey state court in February 2017. Doc. 11. Plaintiffs allege that they "reside" in Osceola County, Florida. *Id*. at 1. Plaintiffs allege that the Corporate Defendants are located either in New Jersey or Florida, while the Doe Defendants are located Florida. *Id*. at 1-2. Plaintiffs allege that Mr. Rozo slipped and fell due to a hazardous condition while shopping at a Walmart store located in Osceola County, Florida in May 2015. *Id*.

at 2-3. Plaintiffs allege that Mr. Rozo suffered "serious and permanent injuries." *Id*. at 3. Thus, Plaintiffs assert two claims against Defendants: negligence and loss of consortium. *Id*. at 3-4.

The Corporate Defendants removed the case to the United States District Court of New Jersey in March 2017. Doc. 1-1. The Corporate Defendants maintain that Plaintiffs are "residents of the State of Florida," while they – the Corporate Defendants – are incorporated in, have their principal places of business in, or have members who are citizens of either Delaware or Arkansas. *Id*. at 2-3. The Corporate Defendants further maintain that, upon information and belief, "the amount in controversy is more than $75,000.00." *Id*. at 3. Thus, the Corporate Defendants maintain that the federal court has diversity jurisdiction over this case. *Id*.

The United States District Court of New Jersey transferred the case to this Court because the events giving rise to the action occurred in the Middle District of Florida. Doc. 8.

The undersigned entered an Order to Show Cause against the Corporate Defendants on August 31, 2017. Doc. 14. First, the undersigned found that the Corporate Defendants failed to demonstrate that the parties were completely diverse. *Id*. at 3-4. Second, the undersigned found that the Corporate Defendants failed to demonstrate that the amount in controversy exceeded $75,000.00, exclusive of interest and costs. *Id*. at 4. Thus, the undersigned found that it was unclear whether the Court has diversity jurisdiction over this case. *Id*. Therefore, the undersigned directed the Corporate Defendants to show cause why this case should not be remanded to state court for lack of subject matter jurisdiction. *Id*.

The Corporate Defendants filed a Response to the Order to Show Cause on September 14, 2017. Doc. 18. The Corporate Defendants presented argument and evidence demonstrating that there was complete diversity among the opposing parties. *Id*. at 2-3. The Corporate Defendants, however, did not provide any argument or evidence concerning the amount in controversy. *See*

*id.* The Corporate Defendants, instead, requested additional time to provide information pertaining to the amount in controversy. *Id.* at 3.

The Court granted the Corporate Defendants additional time to provide information pertaining to the amount in controversy. Doc. 19.

The Corporate Defendants filed a Supplemental Response to the Order to Show Cause on September 28, 2017. Doc. 20. The Corporate Defendants represent that they have been unable to "obtain a clear demand or medical records clearly depicting the economic damages at issue in the lawsuit." *Id.* at 2. Defendant, though, represents that it has learned that: 1) Mr. Rozo alleges that he suffered an injury to his eye; 2) Mr. Rozo is a doctor; 3) Mr. Rozo is seeking lost wages; and 4) Mr. Rozo claims that he requires surgery as a result of the injury. *Id.* Defendant maintains that these facts sufficiently demonstrate that the amount in controversy will exceed $75,000.00, exclusive of interest and costs. *Id.*

## II.    LAW.

A defendant may remove any civil action from state to federal court over which the federal court has original jurisdiction. 28 U.S.C. § 1441(a). "The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

This case was removed on the basis of diversity jurisdiction. Doc. 1-1 at 3. A federal court has diversity jurisdiction over civil actions where there is complete diversity of citizenship among the opposing parties and the amount in controversy exceeds $75,000.00, exclusive of interest and

costs. 28 U.S.C. § 1332(a). There is complete diversity where "no plaintiff is a citizen of the same state as any defendant." *Travaglio v. Am. Expresss Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). An individual is a citizen of the state in which he or she is domiciled, which is the state where the individual maintains his or her "true, fixed, and permanent home." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (per curiam). A corporation is a citizen of the state in which it is incorporated and the state in which the corporation's principal place of business is located. 28 U.S.C. § 1332(c)(1). An unincorporated business entity, such as partnership or limited liability company, is a citizen of every state in which each of its individual members are citizens. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021-22 (11th Cir. 2004) (per curiam).

### III.  **ANALYSIS.**

The Corporate Defendants have sufficiently demonstrated that the opposing parties are completely diverse, *see* Docs. 18; 18-1, but have failed to sufficiently demonstrate that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. The Complaint does not contain any allegations or demands setting forth the amount in controversy. *See* Doc. 11. Thus, since the damages are unspecified, the Corporate Defendants bear "the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007). The Corporate Defendants rely solely on four general facts (Mr. Rozo's profession, the nature of Mr. Rozo's injury, Mr. Rozo's need for surgery, and Mr. Rozo's intention to seek lost wages) to establish that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Doc. 20 at 2. These general facts, which the undersigned presumes to be true, do not sufficiently demonstrate that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. The facts do not indicate the severity of the injury, the nature and

scope of treatment, the type of surgery that is required to correct the injury, or the amount of lost wages Mr. Rozo claims to have suffered as a result of the accident. The lack of these (or other) details, as well as the lack of evidence that would shed light on the amount in controversy, is fatal to the Corporate Defendants claim that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Thus, the Corporate Defendants have failed to demonstrate that, at the time of removal, the Court had diversity jurisdiction over this case. Therefore, the Corporate Defendants have likewise failed to demonstrate that the Court has subject matter jurisdiction over this case, and, thus, the Court must remand the case to state court. 28 U.S.C. § 1447(c).

## IV. <u>CONCLUSION</u>.

Accordingly, it is **RECOMMENDED** that:

1. The case be **REMANDED** to New Jersey state court; and

2. The Clerk be directed to close the case.

<u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on October 2, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy